## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
July 15, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROY D. LAWSON,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1316** (BOR Appeal No. 2045729)
(Claim No. 2002010943)

**US STEEL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roy D. Lawson, by John Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. US Steel Corporation, by Howard Salisbury Jr., its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 22, 2011, in which the Board affirmed a March 21, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 15, 2008, decision denying Mr. Lawson's application for permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lawson worked in the coal mining industry for over twenty years. During that time, he incurred multiple occupational injuries and diseases. On November 24, 2008, the Permanent Total Disability Review Board found that Mr. Lawson met the statutory threshold for whole body impairment, but that Mr. Lawson is able to engage in gainful employment requiring skills or abilities which can be acquired. Therefore, the issue on appeal is whether Mr. Lawson is capable of engaging in substantial gainful employment. Pursuant to West Virginia Code § 23-4-

1

6(n)(2) (2005), in order to receive permanent total disability benefits, a claimant must be unable to engage in substantial gainful employment.

On May 10, 2002, Mr. Lawson was evaluated by Ms. Bailey at HealthSouth who found that he was able to perform work in the heavy PDL for an eight hour day. An April 25, 2008, vocational rehabilitation report found that Mr. Lawson can engage in substantial gainful activity, and that there are jobs in the defined labor market within his transferable skills and physical demand level of heavy per the May 10, 2002, functional capacity evaluation. Mr. Wooton performed a functional capacity evaluation on September 9, 2008, and found that Mr. Lawson can perform at a full sedentary position. In an October 22, 2008, vocational report, Mr. Williams found that Mr. Lawson is totally disabled from all types of work. Mr. Lawson was found totally disabled by a vocational evaluation by Mr. McMillion on June 3, 2009. In a February 22, 2010, rehabilitation evaluation, Ms. Westfall found that the medical evidence does not support a finding of permanent total disability and that Mr. Lawson has the ability to return to the workforce. On May 19, 2010, Mr. Price performed a vocational rehabilitation evaluation and found that Mr. Lawson is not permanently and totally disabled, that he is capable of working fulltime at a sedentary-light work classification, and that there are jobs available in the labor market for which he is currently qualified or could become qualified through short-term training. Mr. Price noted that a referral to vocational services was likely to be met with resistance as Mr. Lawson maintains the opinion that he is not capable of returning to any employment in any capacity.

In affirming the claims administrator's Order, the Office of Judges held that the preponderance of the credible evidence established that Mr. Lawson can participate in substantial gainful activity in the sedentary range of exertion within seventy-five miles of his residence. On appeal, Mr. Lawson disagrees and asserts that given the severity of his physical impairment, the severity of his pain, the inability to use his hands at a steady regular pace, and lack of transferable job skills, it is vocationally unrealistic to conclude that there is other work for which he is suited. US Steel Corporation maintains that the preponderance of the evidence demonstrates that Mr. Lawson retains the physical capability to perform at least light demand level work, and there are jobs available to him that are within his physical and vocational capability to perform.

The Office of Judges concluded that the preponderance of the evidence fails to establish that Mr. Lawson is permanently and totally disabled from performing work in at least the sedentary range of exertion when considering all relevant vocational factors. The Office of Judges noted that there was no medical evidence that Mr. Lawson is incapable of performing work in at least the sedentary range of exertion. It further noted that Mr. Lawson has developed several significant non-occupational conditions such as uncontrolled hypertension and congestive heart failure requiring hospitalization, and that he exerted less than full effort during several functional capacity evaluations. The Office of Judges concluded that the preponderance of the vocational evidence established that the compensable injuries and diseases have not reduced his capacity to work below the full range of sedentary exertion jobs, and that jobs matching that level of exertion requiring no greater skills than those he possesses or can obtain are available within seventy-five miles of his residence. The Board of Review reached the same

reasoned conclusions in its August 22, 2011, Order. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 15, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum